UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

RACHEL H. COHEN,

                Plaintiff,

    -v-                                 No. 00 Civ. 6112 (LTS)(FM)

METROPOLITAN LIFE INS. CO.
and BLUE SKY STUDIOS,

                Defendants.

MEMORANDUM ORDER

        In this Memorandum Order the Court addresses: (1) the motion of Defendant Blue

Sky Studios, Inc., ("Blue Sky") to Stay Judgment Pending Appeal Without Posting a Supersedeas

Bond; (2) the motion of Defendant Metropolitan Life Insurance Company ("MetLife" and,

together with Blue Sky, "Defendants") to Stay Judgment Remanding Benefits Claim Pending

Appeal; (3) Plaintiff's Motion for Attorney's Fees and Costs; and (4) Plaintiff's Motion to hold

Defendant MetLife in civil contempt for violation of the Court's April 9, 2007, Opinion and

Order.  The Court has carefully reviewed all of the parties' submissions relating to the

aforementioned motion practice.  For the following reasons, Defendants' motions are denied,

Plaintiff's motion for fees and costs is granted, and Plaintiff's civil contempt motion is granted.

Blue Sky's Motion for a Stay Without Posting a Supersedeas Bond

        Federal Rule of Civil Procedure 62(d) provides, in relevant part, that "[w]hen an

appeal is taken the appellant by giving a supersedeas bond may obtain a stay."  Fed. R. Civ. P.

62(d).  In determining whether to issue a stay of judgment pending appeal without the posting of

such a bond, courts in this circuit analyze four factors, namely: (1) whether the petitioner is likely to prevail on the merits of its appeal; (2) whether, without a stay, the petitioner will be irreparably injured; (3) whether issuance of a stay will substantially harm other parties interested in the proceedings; and (4) wherein lies the public interest. Rodriguez v. DeBuono, 175 F.3d 227, 234 (2d Cir. 1999); Harris v. Butler, 961 F. Supp. 61, 62 (S.D.N.Y. 1997).

Here, Blue Sky has not proffered any significant legal questions that make reversal on appeal likely. Cf. Harris, 961 F. Supp. at 62. Defendant's proffers in the current motion practice are mere reargumentation of its briefing on the summary judgment motion. See Malarkey v. Texaco, Inc., 794 F. Supp. 1248, 1250 (S.D.N.Y. 1992). Blue Sky has not satisfied the Court that it would be irreparably injured absent a stay of the judgment or by the expense of posting a supersedeas bond to obtain the stay. There is no evidence in the record that suggests that Plaintiff would be unable to refund the $17,600 to Blue Sky should Defendant succeed on appeal. Additionally, the argument that Blue Sky risks irreparable harm by reason of the obligation to pay $17,600 is absurd on its face, particularly since Blue Sky proffers that it is financially sound (Marcus Aff., 5/24/07, ¶ 6). Thus, Blue Sky has failed to demonstrate that a stay of the Court's judgment pending appeal is warranted and, accordingly, Blue Sky's motion is denied. Blue Sky shall satisfy the judgment or post a supersedeas bond immediately.

MetLife's Motion to Stay Judgment Remanding Benefits Claim

MetLife seeks a stay, pending adjudication of its appeal of the Court's decision rejecting MetLife's application of the pre-existing exclusion provision of the disability benefit plan at issue here, of the Court's judgment remanding Plaintiff's disability benefits claim for a

determination of her eligibility for benefits. MetLife argues principally that adjudication of the claim would constitute an "administrative burden" that could prove unnecessary should this Court's determination on the pre-existing condition exclusion be reversed on appeal.

MetLife's stay application is denied. As an initial matter, the Court notes that it is at best questionable whether MetLife's appeal is likely to be addressed on its merits. See Giraldo v. Building Service 32B-J Pension Fund, 502 F.3d 200, 203 (2d Cir. 2007) (holding denial of fee application in connection with remand of ERISA case for further benefit determination unappealable); Viglietta v. Metropolitan Life Ins. Co., 454 F.3d 378 (2d Cir. 2006) (holding ERISA benefit determination remand order unappealable). MetLife's administrative burden argument, moreover, is simply reflective of the cost of performing proper benefit determinations. Particularly in the case of this now almost decade-old benefit application, the Court finds no public interest or equitable balance favoring the saving of unspecified administrative costs by an insurance company over the advancement of the final adjudication of an individual's claim for disability benefits. The public interest favors prompt final resolution of the underlying dispute. See Harris, 961 F. Supp. at 63.

Plaintiff's Motion for Attorney's Fees and Costs

Plaintiff moves for an award of attorney's fees and costs in the total amounts of $136,061.50 and $5,471.77, respectively, (for a total award of $141,533.27[1]) incurred in connection with the Court's determination of the foregoing stay issues, and in connection with

---

[1]      See Pl.'s June 19, 2007, Supplemental Decl.¶ 4 and Pl.'s August 2, 2007, Decl. in Opp. to Def.'s Mot. to Stay Judgment ¶ 7.

the underlying litigation, in which Plaintiff won partial summary judgment reversing the challenged benefit denial and remanding the matter for a determination of disability. See April 9, 2007, Opinion and Order.[2]

A district court has the discretion to award attorney's fees and costs[3] in ERISA actions. See ERISA § 502(g)(1), 29 U.S.C. § 1132(g)(1); Birmingham v. SoGenSwiss International Corp. Retirement Plan, 718 F.2d 515, 523 (2d Cir. 1983). Fees and costs may be awarded pursuant to this section to a plaintiff who obtains the vacatur of an insurance company's denial of benefits and a remand for further consideration. See Cook v. New York Times LTD Plan, 02 Civ. 9154 (GEL), 2004 U.S. Dist. LEXIS 8306, at *5-6 (S.D.N.Y. Apr. 13, 2004). Courts consider a number of factors in making a determination as to whether an award of attorney's fees and costs is appropriate; specifically: "(1) the degree of the offending party's culpability or bad faith, (2) the ability of the offending party to satisfy an award of attorney's fees, (3) whether an award of fees would deter other persons from acting similarly under like circumstances, (4) the relative merits of the parties' positions, and (5) whether the action conferred a common benefit on a group of pension plan participants." Chambless v. Masters, Mates & Pilots Pension Plan, 815 F.2d 869, 871 (2d Cir. 1987).

The Court finds that Plaintiff is entitled to an award under ERISA section 502(g)(1), and that Plaintiff's documented fees and costs are reasonable.

As to culpability, "[a] finding of culpability involves more than mere negligence,

---

[2] Cohen v. Metropolitan Life Ins. Co., 485 F. Supp. 2d 339 (S.D.N.Y. 2007).

[3] Costs include out-of-pocket expenses that would normally be charged to clients. See Algie v. RCA Global Communications, Inc., 891 F. Supp. 875, 898 n.13 (S.D.N.Y. 1994).

but does not require malice or an ulterior motive." Veltri v. Building Service 32B-J Pension Fund, 02 Civ. 4200 (HB), 2004 U.S. Dist. LEXIS 6834, at * 6 (S.D.N.Y. Apr. 19, 2004). An arbitrary and capricious determination by an administrator or a failure to conduct a full and fair review in connection with a plaintiff's claim for benefits satisfies the culpability factor. Id. Here, MetLife's conduct was culpable in that its determination was both arbitrary and capricious and deprived Plaintiff of a full and fair review of her claim, for the reasons articulated in the Court's April 9, 2007, Opinion and Order.

The Court finds that MetLife is able to pay the fees, that the award will deter insurance companies from failing to provide full and fair review of employee benefit plan claims and from arbitrarily denying such claims, and that the merits favor Plaintiff in that she prevailed on the key issue of arbitrary and capricious action. The Court further finds that the hourly rates upon which the fee request are calculated are commensurate with the rates prevailing in the New York metropolitan legal community for similar services by lawyers of reasonably comparable skill, experience, and reputation, and that the hours expended as reflected in the contemporaneous time records submitted were reasonably spent. Plaintiff is not required to bill at past rates; awarding compensation at current rates recognizes the time value of money in the delayed payment context. See LeBlanc-Sternberg v. Fletcher, 143 F.3d 748, 764 (2d Cir. 1998).

The award of fees will promote thorough and fair review processes relating to the determination of disability benefits, and thus have a deterrent effect on insurers and claims processors that might neglect such duties. Moreover, in light of the Court's holding vacating MetLife's denial of benefits to Plaintiff, and the Court's refusal to enter a stay pending appeal, the merits of the parties' positions supports such an award of attorney's fees. Finally, a

determination finding fault with an insurer's conduct in an individual action confers a common

benefit on a group of plan participants in that the insurer will be deterred from improperly

denying benefits under similar circumstances.

Accordingly, Plaintiff's motion for an award of attorney's fees is granted.

Defendant MetLife shall pay Plaintiff's attorney's fees in the amount of $136,061.50, and costs

in the amount of $5,471.77, for a total award of $141,533.27. Having considered the

Chambless factors, the issues litigated and the results of the litigation thus far, the Court holds

that Defendant Blue Sky, which the Court held responsible for penalties for failure timely to

disclose plan documents and whose stay application has been denied, is jointly and severally

liable with MetLife for $30,000 of the award of attorney's fees.


Plaintiff's Motion for Civil Contempt

Plaintiff moves the Court to hold Defendant MetLife in civil contempt of court for

failing comply with the Court's April 9, 2007, Opinion and Order. A party will be held in civil

contempt of a court order upon a showing of "clear and convincing evidence of a violation of a

clear and unambiguous order of the court." Fendi Adele S.R.L. v. Burlington Coat Factory

Warehouse Corp., No. 06 Civ. 0085, 2007 WL 2982295, at *3 (S.D.N.Y. Oct. 10, 2007) (citation

omitted); Perez v. Danbury Hosp., 347 F.3d 419, 423-24 (2d Cir. 2003). Moreover, while the

violation need not be willful, the Court finds that the contempt at issue in this instant matter was

willful.

Here, judgment was entered by the Clerk of Court on April 11, 2007. To date,

MetLife has not made a determination of Plaintiff's disability status. See 29 C.F.R. § 2560.503-

1(f)(3) (providing that ERISA disability benefit determinations require review within a reasonable amount of time, not to exceed 45 days). Additionally, MetLife has made no indication to Plaintiff that such a determination has even been commenced or that one is imminent. MetLife has deliberately ignored that fact that neither its filing of an appeal nor its application for a stay relieved it from the obligation to comply with the Court's April 9, 2007, Opinion and Order. Furthermore, MetLife took advantage of its ability to control whether a prompt determination would ensue in order to frustrate the clear direction given in the April 9, 2007, Opinion and Order. Accordingly, Plaintiff's motion to find MetLife in civil contempt of the Court's April 9, 2007, Opinion and Order is granted.

Plaintiff moves the Court, as a remedy for contempt, to declare the benefit application granted by default or, in the alternative, to remove the issue from MetLife's jurisdiction as claims administrator and itself determine de novo the question of whether Plaintiff is entitled to disability benefits. Plaintiff also seeks an award of her attorney's fees and costs incurred in connection with the contempt motion. The Court finds that neither an entry of default nor de novo court determination of the benefit claim is warranted at this juncture, but MetLife is hereby put on notice that any similar future conduct or unwarranted delays may result in adverse inferences or further consideration of substantive remedies of the sort sought by Plaintiff.

MetLife is hereby assessed a $2,000 fine payable immediately to the Clerk of Court, and shall also pay Plaintiff the $3,210 in attorney's fees that she incurred in connection with the contempt motion practice. See New York State Nat'l Org. for Women v. Terry, 952 F. Supp. 1033, 1043-44 (S.D.N.Y. 1997) ("it is well settled in this Circuit that costs, including reasonable attorneys' fees, may be awarded to the party who prosecutes a contempt motion as an

appropriate compensatory sanction for contumacious behavior").

MetLife shall complete its determination as to whether Plaintiff is Disabled within

the meaning of the Blue Sky Plan in a manner consistent with the procedural requirements of

ERISA and of the April 9, 2007, Opinion and Order by January 15, 2008.

## CONCLUSION

Accordingly, for the foregoing reasons, Defendant Blue Sky's motion (docket

entry no. 94) for a stay pending appeal of the Court's judgment requiring it to pay ERISA

penalties is denied, MetLife's motion (docket entry no. 103) for a stay pending appeal of the

remand for further proceedings on Plaintiff's benefit claim is denied, Plaintiff's motion for fees

and costs is granted (docket entry no. 82), and Plaintiff's motion to hold MetLife in civil

contempt is granted (docket entry no. 99). MetLife shall pay Plaintiff's attorneys a total of

$141,533.27 in attorney's fees and costs with respect to docket matter no. 82. Blue Sky is jointly

and severally liable with MetLife for $30,000 of that attorney's fee award. Additionally, MetLife

shall pay Plaintiff's attorneys $3,210 in connection with the contempt motion practice (docket

entry no. 99), and shall pay the Clerk of Court $2,000 as its fine for contempt of court.

SO ORDERED.

Dated: New York, New York
        November 21, 2007

LAURA TAYLOR SWAIN
United States District Judge