UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

RACHEL H. COHEN,

               Plaintiff,

  -v-                                      No. 00 Civ. 6112 (LTS)(FM)

METROPOLITAN LIFE INS. CO.
and BLUE SKY STUDIOS,

               Defendants.

MEMORANDUM ORDER

        In this Memorandum Order the Court addresses: (1) MetLife's motion to permit the filing of a supersedeas bond staying enforcement of the Court's judgment pending appeal; and (2) Plaintiff's motion to hold Defendant Metropolitan Life Insurance Company ("MetLife") in civil contempt for failure to comply with the Court's April 9, 2007, Order and the Judgment entered therein. The Court has carefully reviewed all of the parties' submissions relating to the aforementioned motion practice. For the following reasons, Defendant's motion to post a supersedeas bond is denied and Plaintiff's motion for civil contempt is granted.

MetLife's Motion to Post a Supersedeas Bond

        MetLife has moved the Court for leave to post a supersedeas bond and thereby stay the April 2007 Order and Judgment as a matter of right under Federal Rule of Civil Procedure 62(d). Rule 62(d) provides, in relevant part, that "if an appeal is taken, the appellant may obtain a stay by supersedeas bond." Fed. R. Civ. P. 62(d). However, Rule 62(d) applies to money judgments. Here, the relevant portions of the Court's April 9, 2007, Opinion and Order

did not award a money judgment but, rather, determined pursuant to the Employee Retirement Income Security Act of 1974, as amended ("ERISA") that MetLife was not entitled to deny disability benefits to Plaintiff on the basis of a pre-existing condition and remanded the matter to MetLife, in its fiduciary capacity as claims administrator, for a determination and award of benefits. Accordingly, Rule 62(d) is inapplicable. MetLife's application for a stay must therefore be analyzed pursuant to Rule 62(c) which provides that a court may, at its discretion, "suspend, modify, restore, or grant an injunction on terms for a bond or other terms that secure the opposing party's rights." Fed. R. Civ. P. 62(c). In determining whether to issue a stay of judgment pending appeal, courts in this circuit analyze four factors, namely: (1) whether the movant has demonstrated a substantial possibility, although less than a likelihood, of success, on appeal; (2) whether, without a stay, the movant will be irreparably injured; (3) whether issuance of a stay will substantially harm other parties interested in the proceedings; and (4) wherein lies the public interest. Hirschfeld v. Board of Elections, 984 F.2d 35, 39 (2d Cir. 1993); In re Tower Automotive, Inc., No. 06 Civ. 2105 (RWS), 2007 WL 1975447, *2 (S.D.N.Y. Jul. 6, 2007). For the balance of the equities reasons articulated in the Court's November 21, 2007, Order, as well as the reasons advanced by Plaintiff in her opposition to the instant application, MetLife's supersedeas bond application is denied.[1]

---

[1] The Court also notes that MetLife's application is untimely. Specifically, the Court's November 21, 2007, Order, directed MetLife to pay Plaintiff's attorneys' fees. MetLife's current application to obtain a stay by filing a supersedeas bond was not initiated until March 31, 2008 – more than four months after it was ordered to pay Plaintiff's attorneys' fees and two months after its belated determination as to Plaintiff's entitlement to benefits. Accordingly, the equities do not weigh in favor of granting MetLife's application for a stay in connection with the posting of a supersedeas bond.

Plaintiff's Motion for Civil Contempt

Plaintiff moves the Court to hold Defendant MetLife in civil contempt of court for failing comply with the Court's April 9, 2007, Order. A party will be held in civil contempt of a court order upon a showing of "clear and convincing evidence of a violation of a clear and unambiguous order of the court." Fendi Adele S.R.L. v. Burlington Coat Factory Warehouse Corp., No. 06 Civ. 0085, 2007 WL 2982295, at *3 (S.D.N.Y. Oct. 10, 2007) (citation omitted); Perez v. Danbury Hosp., 347 F.3d 419, 423-24 (2d Cir. 2003); Perfect Fit Industries, Inc. v. Acme Quilting Co., Inc., 673 F.2d 53, 56-57 (2d Cir. 1982) (holding that when the purpose of a finding of civil contempt is to coerce the contemnor into complying with a court order, "the district court has broad discretion to design a remedy that will bring about compliance"). While the violation need not be willful, the Court finds that the contempt at issue in the instant matter was willful.[2]

The Court's April 9, 2007, Opinion and Order was unambiguous. The pre-existing condition exclusion was held inapplicable as a matter of law, which means that MetLife cannot use it as a reason for non-payment of benefits. MetLife was directed to award Plaintiff benefits if Plaintiff qualified under the other provisions of the plan. MetLife determined that Plaintiff is entitled to disability benefits under the relevant plan but now takes the position that it is not obliged to pay those benefits unless this Court's April 9, 2007, determination as to the inapplicability of the pre-existing condition exclusion is upheld on appeal. MetLife's position is

---

[2] In its November 21, 2007, Memorandum Order the Court found MetLife in civil contempt for its wilful failure to comply with the Court's April 2007 Order insofar as that Order required MetLife to make a determination of Plaintiff's disability status.

nothing short of contemptuous. This Court's decision, as incorporated into the judgment remanding the action, is the law of the case and is and was un-stayed. Nothing in the Court's Opinion, the Judgment, or the law permits MetLife to condition its compliance with the Court's direction to award benefits on the outcome of its appeal of the Court's decision. MetLife's approach is contemptuous of the Court's authority and the law, as well as inconsistent with any rational notion of what constitutes a benefit "award" under an ERISA-governed plan and a fiduciary's obligation to act in the best interests of its plan participants.

Accordingly, Plaintiff's motion to hold MetLife in contempt and for sanctions is granted. MetLife shall pay Plaintiff her back disability benefits in the amount of $269,552.00, less any applicable withholding taxes, which figure is inclusive of her April 2008 benefit amount, and pay timely her regular monthly benefit amounts thereafter in accordance with the provisions of the plan and the governing judicial determinations.[3] Moreover, MetLife is hereby assessed a $10,000 fine, payable to the Clerk of this Court, and shall also pay Plaintiff's attorney

---

[3] The parties agree that Ms. Cohen's monthly base benefit under the plan is $3,000.00 commencing March 10, 1997, and that the base benefit is reduced by the amount of her initial monthly social security disability benefit, for each month for which she receives such a benefit. The exhibits to the parties motion papers include correspondence from the Social Security Administration identifying Plaintiff's initial June 1997 benefit as $1054.00. (Koob Decl. Ex. D.) Accordingly, Ms. Cohen is entitled to current monthly benefits in the sum of $1,946.00, plus back benefits as follows:

> March 1997 - October 1991: 8 months @ $3,000 = $24,000
> November 1997: 1 month @ $2,302 ($3,000 - $698) = $2,302
> December 1997 - April 2008: 125 months @ $1,946 ($3,000 - $1054) = $243,250

**Total = $269,552.00**

$141,553.27 in attorneys' fees and costs in accordance with the Court's November 21, 2007, Memorandum Order, plus the $5,850 in attorney's fees that Plaintiff incurred in connection with this contempt motion practice. See New York State Nat'l Org. for Women v. Terry, 952 F. Supp. 1033, 1043-44 (S.D.N.Y. 1997) ("it is well settled in this Circuit that costs, including reasonable attorneys' fees, may be awarded to the party who prosecutes a contempt motion as an appropriate compensatory sanction for contumacious behavior").

The aforementioned back benefit, fine and attorneys' fees and costs payments shall be made by **12:00 p.m. on Friday, April 25, 2008**, and proof of payment shall be filed promptly with the Clerk of Court. For each calendar day following the April 25, 2008, deadline that Defendant has failed to make any portion of the required payments, it shall pay an additional $1,000 per day penalty, payable directly to Ms. Cohen.[4]

## CONCLUSION

Accordingly, for the foregoing reasons, Defendant MetLife's motion (docket entry no. 125) to file a supersedeas bond to stay enforcement of the Court's judgment is denied. Plaintiff's motion to hold MetLife in civil contempt is granted (docket entry no. 122). MetLife shall pay Plaintiff her disability back benefits in the amount of $269,552.00, less any applicable withholding taxes, which is inclusive of her April 2008 benefit amount, plus regular monthly benefit amounts thereafter in accordance with the provisions of the plan and the governing judicial determinations. MetLife shall also pay Plaintiff's attorney $141,553.27 in attorneys'

---

[4] Plaintiff's request for pre- or post-judgment interest as a component of the contempt award is denied without prejudice to any right Plaintiff may have to litigate a claim for such interest in connection with the merits of the case.

fees and costs in accordance with the Court's November 21, 2007, Memorandum Order, plus $5,850 in attorneys' fees and costs with respect to docket matter no. 122. Additionally, MetLife shall pay the Clerk of Court $10,000 as its fine for contempt of court. The aforementioned back benefit, fine, and attorneys' fees and costs payments shall be made by **12:00 p.m. on Friday, April 25, 2008**, and proof of payment shall be filed promptly with the Clerk of Court. For each calendar day following the April 25, 2008, deadline that Defendant has failed to make any portion of the required payments, it shall pay an additional $1,000 per day penalty, payable directly to Ms. Cohen.

SO ORDERED.

Dated: New York, New York
April 22, 2008

LAURA TAYLOR SWAIN
United States District Judge